Case No. 22-55676

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE SANTA BARBARA SMOKEHOUSE, INC., a California corporation; and DHBRANDS LIMITED, a Cyprus limited liability company,

*Plaintiffs-Appellants*,

v.

AQUACHILE, INC., a Florida corporation; AGROSUPER S.A., a Chile corporation; and EMPRESAS AQUACHILE S.A., a Chile corporation,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Central District of California
No. 19-cv-10733
Hon. Ronald S.W. Lew

## APPELLEES' MOTION TO SUBMIT DOCUMENTS UNDER SEAL

| | |
|---|---|
| Michael R. Weiss | Ryan C. Krone |
| **AKERMAN LLP** | **AKERMAN LLP** |
| 601 W. Fifth Street, Suite 300 | 1300 Post Oak Boulevard, Suite 2300 |
| Los Angeles, CA 90071 | Houston, TX 77056 |
| Telephone: (213) 688-9500 | Telephone: (713) 871-6836 |
| Email: michael.weiss@akerman.com | Email: ryan.krone@akerman.com |

*Counsel for Defendants and Appellees*

69824758;1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ........................................................................................................2

    A.    LEGAL STANDARD .................................................................................2

        1.    Redacting And/Or Sealing Filings In The U.S. District Court ..................................................................................................2

        2.    Maintaining Redactions And Seal On Appeal ............................4

    B.    Good Cause Exists Supporting Appellees' Request All Documents Redacted and/or Sealed Below Retain Those Protections on Appeal ...............................................................................4

        1.    The Protective Order Remains In Effect, Requiring Appellees To Make This Motion To File Their Answering Brief And Accompanying Materials ............................................4

        2.    Appellees' Do Not Dispute That Appellants May Suffer Irreparable Injury if the Court Denies This Motion ....................6

III. CONCLUSION ....................................................................................................8

DECLARATION OF MICHAEL R. WEISS ............................................................9

CERTIFICATE OF COMPLIANCE .......................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cal. ex rel. Lockyer v. Safeway, Inc.*,
 335 F.Supp.2d 1111 (C.D. Cal. 2005) .................................................................2

*Campbell v. PricewaterhouseCoopers, LLP*,
 642 F.3d 820 (9th Cir. 2011) ...............................................................................3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
 331 F.3d 1122 (9th Cir. 2003) .............................................................................2

*In re Adobe Sys., Inc. Sec. Litig.*,
 141 F.R.D. 155 (N.D. Cal. 1992) .........................................................................3

*Nixon v. Warner Comms., Inc.*,
 435 U.S. 589 (1978) .........................................................................................2, 3

*Ortega v. San Diego Police Dept.*,
 No. 13-cv- 87, 2014 WL 12675248 (S.D. Cal. June 26, 2014) ...........................3

*Press-Enter. Co. v. Sup. Ct. of Cal. for Riverside County*,
 478 U.S. 1 (1986) .................................................................................................2

*United States ex rel. Ruhe v. Masimo Corp.*,
 No. CV 10- 08169, 2013 WL 12131173 (C.D. Cal. Aug. 26, 2013) ...................3

**Rules**

Ninth Circuit Rule 27-13(a) ................................................................................4, 6

## I.

## INTRODUCTION

Appellees AGROSUPER S.A., AQUACHILE, INC. AND EMPRESAS AQUACHILE S.A., (collectively "Appellees") hereby submit this Motion to submit documents under seal in support of Appellees' Answering Brief and Supplemental Excerpts of Record. Appellees, together with Appellants The Santa Barbara Smokehouse, Inc. and DHBrands Limited (collectively "Appellants") (the "Parties") agreed and entered into a Protective Order in the District Court, aimed at preventing the public dissemination of trade secrets and other confidential business information through this legal dispute. The District Court granted the Protective Order, and over the course of the action below, repeatedly granted the Parties' requests to redact and/or seal filings containing Appellants' confidential business information.

The Protective Order will remain effective for the life of this appeal, as will Appellants' averred confidentiality concerns that were sufficient to permit redactions and sealed filings below. Accordingly, to continue to protect Appellants' confidentiality assertions and concerns regarding Appellants' business information and records, Appellees request the Court grant this motion, maintaining the same seals and redactions applied to the records on file in the District Court below as agreed by the Parties and ordered by the District Court.

1

## II.

## ARGUMENT

A.    **LEGAL STANDARD**

    1.    **Redacting And/Or Sealing Filings In The U.S. District Court**

Courts may seal documents that "might [] become a vehicle for improper purposes." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). The presumption favoring disclosure of court records can be overcome if litigants show an overriding interest and that sealing is "narrowly tailored to serve that interest." *Press-Enter. Co. v. Sup. Ct. of Cal. for Riverside County*, 478 U.S. 1, 9-10 (1986). The common law right to access judicial records "is not absolute and can be overridden" when the parties demonstrate good cause. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Courts must assess the following factors in determining whether good cause exists to seal documents: (1) the public's interest in understanding the judicial process; (2) whether disclosure of the material at issue could result in improper use (such as to enable infringement of a party's trade secrets); (3) the interests of the parties and the balance of equities; and (4) the duty of the courts to inform the public of the basis of its decision. See *Cal. ex rel. Lockyer v. Safeway, Inc.*, 335 F.Supp.2d 1111, 1115 (C.D. Cal. 2005). To that end, courts routinely seal documents that

contain commercially sensitive information that risks harming a party's competitive standing. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also Nixon*, 435 U.S. at 598 (courts are authorized to seal "business information that might harm a litigant's competitive standing"); *United States ex rel. Ruhe v. Masimo Corp.*, No. CV 10- 08169, 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (documents sealed because "they contain trade secret and business information a competitor could use to harm [defendant's] competitive standing" including "internal research studies and clinical tests," "non- public data and specifications," "and non-public records" that were shown to be "confidential, proprietary, and competitively valuable").

Moreover, the unopposed submission of documents for sealing pursuant to an existing protective order may also constitute good cause for the Court to seal. See *Ortega v. San Diego Police Dept.*, No. 13-cv- 87, 2014 WL 12675248, at *2 (S.D. Cal. June 26, 2014); *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

3

69824758;1

### 2. Maintaining Redactions And Seal On Appeal

"When a document was sealed in the district court, the document will be filed provisionally under seal, and must be accompanied by . . . a motion to seal under subsection (e) . . . ." Ninth Circuit Rule 27-13(a). Parties who wish to submit documents, "including a brief, under seal, whether or not it was sealed in the district court, shall file a motion simultaneously with the document." *Id.* at (e). Such a motion "shall explain the specific reasons for this relief and describe the potential irreparable injury in the absence of such relief." *Id.*

"The motion and document will be provisionally sealed until the Court rules on any motion to seal." *Id.* at (a). "Additionally, rather than moving to file the entire excerpts of record under seal, a party shall submit any documents(s) that fall within this subsection as a separate volume." *Id.* at (e).

## B. GOOD CAUSE EXISTS SUPPORTING APPELLEES' REQUEST ALL DOCUMENTS REDACTED AND/OR SEALED BELOW RETAIN THOSE PROTECTIONS ON APPEAL

### 1. The Protective Order Remains In Effect, Requiring Appellees To Make This Motion To File Their Answering Brief And Accompanying Materials

The Parties negotiated and submitted a Stipulated Protective Order ("Protective

4

Order"), which was entered by the District Court below on May 5, 2020, limiting the use of confidential information in this action. ECF 60. The Protective Order specifically contemplated lasting coverage of confidential materials until **"the later of** (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein **after the completion and exhaustion of all appeals, rehearings, remands**, trials, or reviews of this Action . . . ." *Id.* at 7 (emphasis added).

After the Protective Order was entered, the Parties each filed various sets of moving papers and evidence with redactions to protect confidential information. *See* Declaration of Michael R. Weiss in support hereof ("Weiss Decl.") at ¶¶ 4-6, 8; *see, e.g.*, ECF 127, 128, 133, 135, 138, 141, 146, 149, 151, 152, 154, 157, 158, 159, 160, 161, 162, 163, 168, 169, 176, 180, 181, 182, 190, 191, 228, 229, 278, 279, 280, 281, 282. At all times relevant herein, the District Court agreed "compelling reasons exist to seal the documents requested by [Appellants]. 'A demonstration that public disclosure of internal financial [and other business] information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing.'" ECF 178 at 3 (quoting *Audionics Sys. Inc. v. AAMP of Fla. Inc.*, No. CV 12-10763 MMM (JEMx), 2014 WL 12586590, at *5 (C.D. Cal. Mar. 17, 2014)); *see* Kinsey Decl. at ¶ 5; *see, e.g.*, ECF 60, 139, 140, 145, 156, 178, 186, 187, 188, 241,

243, 244, 245, 246, 247, 248, 286, 287, 288. "Moreover, [Appellants'] requests are narrowly tailored to contain this sealable information. To the extent that [Appellants] seek to file entire exhibits under seal, [Appellants] have provided compelling reasons to do so because revealing any portion of those confidential documents may cause [Appellants] competitive harm." ECF 178 at 4.

The Protective Order remains in effect, and, as a result, Appellees are obligated to bring the instant motion to maintain all redacted and/or sealed materials filed below with those same protections in this appeal. *See* Ninth Circuit Rule 27-13(a) ("When a document was sealed in the district court, the document will be filed provisionally under seal and must be accompanied by . . . a motion to seal ").

## 2. Appellees' Do Not Dispute That Appellants May Suffer Irreparable Injury if the Court Denies This Motion.

As outlined above, the District Court consistently agreed to the Parties' requests for redactions and seals aimed at protecting the confidential business information from public disclosure. Weiss Decl. at ¶¶ 4-6, 8. Appellees request these same protections be maintained on appeal.

The records proposed for redaction herein include information and documents that Appellants assert are Appellants' trade secrets, private business and financial records, information, communications, practices, customer and vendor information,

pricing, research, and development that were provided to third parties pursuant to non-disclosure agreements to facilitate the transactions at issue in this action. *Id.* at ¶¶ 7, 8. Appellants have continually asserted throughout this action that public dissemination of this information would harm Appellants' competitive standing in their industry by exposing, *inter alia*, information regarding Appellants' vendors, customers, pricing, strategies, and processes to their competitors. *Id.* Issues on appeal focus heavily on information related to Appellants' financial position, as well as their sales to and/or purchases from other customers and/or suppliers. Appellants assert its competitors and said customers and/or suppliers could use this information to take advantage of Appellants in future negotiations. *Id.* Appellees do not dispute Appellants' assertions. *Id.*

The redactions Appellants have continued to assert have been and remain narrowly tailored to affect only those portions of documents that contain this private information. *Id.* at ¶¶ 7, 9. If this Court declines to extend the same confidentiality protections to the Parties' submissions on appeal as were repeatedly granted below, Appellees understand that Appellants assert that Appellants will suffer the same irreparable injuries the District Court agreed were sufficient to support these documents' initial redactions and/or sealing. *Id.* at ¶¶ 8, 9. These injuries include, but are not limited to, permanent and irrevocable dissemination of Appellants' trade

secrets and other private business information via the Court's online database which could cause irreparable injury in the context of Appellants' specialized, insulated industry. *Id.* Therefore, Appellees request the Court grant this motion in its entirety.

## III.

## CONCLUSION

For each of the foregoing reasons, as well as those to be set forth at the hearing on this motion, if any, the Court should maintain all redacted and/or sealed documents filed provisionally under seal here in the same form and subject to the same protections ordered by the District Court below to prevent the irrevocable dissemination of Appellants' trade secrets and other confidential business information.

May 11, 2023  Respectfully submitted

AKERMAN LLP

By: /s/ Michael R. Weiss_____
    MICHAEL R. WEISS
    RYAN C. KRONE

Attorneys for Appellees

8

## DECLARATION OF MICHAEL R. WEISS

I, MICHAEL R. WEISS, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and the Ninth Circuit Court of Appeals. I am counsel of record for Appellees in the above-captioned appeal. Unless otherwise qualified, I have personal knowledge of the matters stated hereafter and, if called as a witness, could and would testify competently to the same.

2. I make this Declaration in support of Appellees' Motion to Submit Documents under Seal; Filed Concurrently with Appellees' Answering Brief and Supplemental Excerpts of Record.

3. The Parties negotiated and jointly submitted a Stipulated Protective Order limiting the use of confidential information in the District Court below, which was signed and entered by the Honorable John E. McDermott on May 5, 2020. See ECF 60.

4. The District Court's record show the Parties engaged in substantial efforts, both via joint stipulations and individual applications, to redact confidential information and maintain it as such from the various moving papers and evidence submitted in connection with, among other things, Appellees' Motion for Summary Judgment and/or Partial Summary Judgment (ECF 129); Appellees' Objections and

Motion to Strike (ECF 165); Appellees' Motions in Limine (ECF 196, 197, 198); Appellees' Motion to Exclude (ECF 206); and Appellants' Motion to Alter of Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) or, in the Alternative, For Relief from the Judgment Pursuant to Federal Rule of Civil Procedure 60(b). *See, e.g.*, ECF 57, 58, 60 (stipulated protective order), 127 (Appellees' application to file summary motion under seal), 128, 133 (Appellants' application to file opposition to summary motion under seal), 135, 138 (joint stipulation requesting summary filings be sealed), 141, 146, 149 (Appellants' application to file opposition to summary motion under seal), 151, 152, 154, 157 (joint statement regarding designations), 158, 159, 160, 161, 162, 163, 168, 169, 176, 180, 181, 182, 190 (joint submission of redacted materials), 191, 228, 229, 278, 279, 280, 281, 282 (the preceding citations in this string show submissions of redacted and/or sealed materials).

5. In each instance, the District Court determined the Parties' submissions were worthy of redactions, said redactions were worthy of maintenance under seal, and that each application had been supported by good cause. *See, e.g.*, ECF 60, 139, 140, 145, 156, 178, 186, 187, 188, 241, 243, 244, 245, 246, 247, 248, 286, 287, 288 (the preceding citations in this string show District Court orders granting the Parties' various requests to redact and/or seal materials below).

6. Indeed, the District Court's own Order (ECF 256 [sealed], 260 [redactions marked]) regarding the summary and evidentiary motions above was redacted in part to preserve the confidential nature of the information contained in the Parties' respective submissions.

7. In light of the Parties' stipulated Protective Order (ECF 60) and their substantial efforts to maintain confidentiality granted by the District Court below, Appellees' Supplemental Excerpts of Record, filed concurrently herewith, contain the exact same redacted and/or sealed filings as were authorized by the District Court. Further, Appellees' Answering Brief, also filed concurrently herewith, includes marked redactions covering the same statements of fact to the same degree as was authorized below. Appellees' Answering Brief contains highlighted redactions covering the same materials and discussions as were redacted in the District Court below. SER Volumes 2 through 4, attached hereto as Exhibit 2, Exhibit 3, and Exhibit 4 respectively, contain the corresponding sealed materials reproduced in the exact form as they were filed with the District Court below.

8. The records proposed for redaction include information that Appellants assert are Appellants' trade secrets, private business and financial records, information, communications, practices, customer and vendor information, pricing, research, and development that were provided to third parties pursuant to non-

disclosure agreements to facilitate the transactions at issue in this action. *See, e.g.*, ECF 149 at 13-17 (Appellants' application to file their opposition to Appellees' motion for summary judgment), ECF 281 at 6-12 (Appellants' application to maintain seal as applied to Appellees' opposition to Appellants' motion to alter or amend the judgment, or, in the alternative, for relief from the judgment). Appellants have continually asserted throughout this action that public dissemination of this information would harm Appellants' competitive standing in their industry by exposing, *inter alia*, information regarding Appellants' vendors, customers, pricing, strategies, and processes to their competitors. This includes, according to Appellants, giving Appellants' customers and suppliers information regarding Appellants' financial position, as well as their sales to and/or purchases from other customers and/or suppliers, that they could use to take advantage of Appellants in future negotiations. *Id.* Appellees do not dispute Appellants' assertions in this action. *Id.*

9. The redactions Appellants have continued to assert have been and remain narrowly tailored to affect only those portions of documents that contain this private information. If this Court declines to extend the same confidentiality protections to the Parties' submissions on appeal as were repeatedly granted below, Appellees understand that Appellants assert they will suffer the same irreparable injuries the District Court agreed were sufficient to support these documents' initial

redactions and/or sealing. These injuries include, but are not limited to, permanent and irrevocable dissemination of Appellants' trade secrets and other private business information via the Court's online database which could cause irreparable injury in Appellees' insulated industry.

10. On May 8 and 10, 2023, I contacted counsel for Appellees, John Kinsey, and requested he inform me of any objections Appellants might have to Appellees' efforts herein to maintain all redacted and/or sealed materials from the action below in the same manner on appeal. Mr. Kinsey advised he had no objections to the proposed redactions.

I declare under the penalty of perjury that the foregoing is true and correct. This Declaration was executed on May 11, 2023, in Los Angeles, California.

/s/ Michael R. Weiss
Michael R. Weiss

69824758;1

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 22-55676

I am the attorney or self-represented party.

**This brief contains** 2,570 **words**, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated _____.

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Michael R. Weiss    **Date** May 11, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**    Rev. 12/01/22